IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 621 5th AVENUE EAST, SUPERIOR, MONTANA; (260) ASSORTED SILVER BARS AND COINS IN SAFE DEPOSIT BOX #2646 ($14,486.95); $4,050.00 UNITED STATES CURRENCY; $10,000 UNITED STATES CURRENCY INSAFE DEPOSIT BOX #263, MULLAN TRAIL BANK; $109,800.00 UNITED STATES CURRENCY IN SAFE DEPOSIT BOX #2646, U.S. BANK; AND (108) ASSORTED SILVER BARS AND COLLECTIBLE COINS IN SAFE DEPOSIT BOX #263 ($4,289.17),<br><br>Defendants. | CV 16–39–M–DLC<br><br>ORDER |

This matter is brought before this Court by Plaintiff, United States, by and through Assistant U.S. Attorney Victoria L. Francis. The United States has filed an Unopposed Motion for Entry of Judgment and Decree of Forfeiture and a Settlement Agreement. (Doc. 25.) Upon considering the pleadings filed in this

action, and having reviewed the motion and the Settlement Agreement filed with the Court, this Court hereby makes the following Findings of Fact, Conclusions of Law and Decree.

**FINDINGS OF FACT**

1. On March 10, 2016, the United States filed a Verified Complaint for Forfeiture in Rem pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6) and (7) seeking forfeiture of the following real and personal property:

(a) Real property titled in the name of Gary Ruthford, located at 621 5th Avenue East, Superior, Montana, more particularly described as Lot 8 in Block 3, Horning Addition to the Town of Superior, Mineral County, Montana, according to the official recorded plat thereof.

(b) Two hundred sixty (260) assorted silver bars and coins (valued at approximately $14,486.95) seized from safe deposit box #2646 at U.S. Bank in Missoula, Montana.

(c) $109,800.00 in U.S. Currency seized from safe deposit box #2646 at U.S. Bank in Missoula, Montana.

(d) One hundred eight (108) assorted silver bars and collectible coins (valued at approximately $4,289.17) seized from safe deposit box #263 at Mullan Trail Bank in Superior, Montana.

-2-

(e) $10,000.00 in U.S. Currency seized from safe deposit box #263 at Mullan Trail Bank in Superior, Montana.

(f) $4,050.00 in U.S. Currency seized from a gun safe located in the residence described above in paragraph 1(a).

(Doc. 1, pp. 8-10 at paras, 14-16; p. 14 at para. 24.) The defendant's real and personal property are collectively referred to as the "defendant property."

2. On March 13, 2016, the United States provided "direct notice" of this forfeiture action to Gary Ruthford, and his attorney, Lance P. Jasper, and James Michael Ruthford in accordance with Supplemental Rule G(4)(b). (Doc. 19, paras. 4-5, and Doc. 3.)

3. On March 16, 2016, DEA Task Force Officer Trollope posted copies of the notice of complaint for forfeiture and verified complaint on the defendant real property located at 621 5th Avenue East in Superior, Montana, in accordance with 18 U.S.C. § 985(c)(1)(B). (Doc. 5.) On January 30, 2017, the U.S. Marshals executed the Warrant of Arrest In Rem on the Defendant personal property. (Doc. 4, 23.)

4. A notice of lis pendens was filed with the Clerk and Recorder of Mineral County on March 18, 2016, under document no. 114967. (Doc. 6.)

5. On March 14, 2016, the United States provided direct notice of this

forfeiture action to all known potential claimants, Gary Ruthford, his attorney, Lance P. Jasper, and James Michael Ruthford, pursuant to Supplemental Rule G(4)(b). (Doc. 3.)

6. Gary Ruthford filed a timely verified claim to the defendant property on April 14, 2016, and a timely answer on September 6, 2016. (Docs. 8 and 13.)

7. In accordance with Supplemental Rule G(4)(a)(iv)(C), notice of this forfeiture action was provided to unknown persons who may have a claim to the defendant property. The United States published the notice on an official government internet website for 30 consecutive days beginning on March 18, 2016, and ending on April 16, 2016, as verified in the declaration of publication filed with the Court as document 17. The notice provides in part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (March 18, 2016) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter . . . .

(Doc. 17, Att. 1 Notice of Forfeiture Action, p. 3.)

8. Upon motion of the United States, the clerk of court properly entered the defaults of James Michael Ruthford and any unknown potential claimants on February 1, 2017, for failure to file a verified claim and/or answer or appear, or

-4-

otherwise defend this action as required by Supplemental Rule G(5)(a) and (b). (Doc. 22.)

9. Gary Ruthford and James Michael Ruthford, and their counsel, entered into a Settlement Agreement with the United States on February 10, 2017, resolving all of their claims to the defendant property. (Doc. 24.) Gary Ruthford and James Michael Ruthford denied knowledge that the defendant property was derived or traceable to the sale and distribution of Schedule II, III, and IV illegal and prescription drugs, and methamphetamine and marijuana, or was used to facilitate the sale or distribution of such drugs in violation of 21 U.S.C.§ 841, et seq. Gary Ruthford and James Michael Ruthford agreed, however, that all right, title and interest in the defendant personal property described above in paragraphs 1(b) through 1(f) shall vest in the United States and are subject to forfeiture. The United States agreed to release the lis pendens and relinquish any claims of forfeiture that it has to the defendant real property described above in paragraph 1(a), and it will not seek forfeiture of the defendant real property for any activities that occurred prior to the date of the Settlement Agreement. The parties agree that each party will bear his or its own costs, fees, expenses and attorney fees. (Doc. 24, paras. 3-5.) The parties further agreed that the Settlement Agreement is entered into for the purpose of compromising disputed claims and avoiding the

expenses and risks of further litigation and is entered into without any admission of liability.

Based upon the foregoing Findings of Fact, the Court makes the following conclusions of law:

## CONCLUSIONS OF LAW

10. Civil forfeiture actions are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure. United States v. 2659 Roundhill Drive, 283 F.3d 1146, 1149 n. 2 (9th Cir. 2002).

11. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a).

12. Pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b), venue is proper in this District Court because this is a civil proceeding for the forfeiture of property found in this district, and the acts or omissions occurred in this district.

13. Pursuant to the allegations set forth in the Verified Complaint for Forfeiture In Rem (Doc. 1), and the Settlement Agreement (Doc. 24, 3), probable cause existed for the United States to arrest and post the defendant property, and the United States is entitled to judgment in its favor for the Defendant personal property described in paragraph 1 (b) through (f) above, with each party bearing its own costs, fees, expenses and attorney.

-6-

14. Under the Settlement Agreement, the defendant personal property described above in paragraphs 1(b) through 1(f) shall be forfeited to the United States. The United States shall release the lis pendens, and relinquish any claims of forfeiture that it has to the defendant real property described above in paragraph 1(a), and not seek forfeiture of the defendant real property for any activities that occurred prior to the date of the Settlement Agreement.

15. In accordance with 21 U.S.C. § 881(6) and (7), the United States could show at a forfeiture trial that the defendant personal property described above in paragraphs 1(b) through 1(f) is subject to forfeiture.

16. Notice of this action was properly provided in accordance with Supplemental Rule G(4). No other persons, other than Gary Ruthford have filed a claim, and Claimant Gary Ruthford and potential Claimant James Michael Ruthford have entered into a Settlement Agreement with the United States.

17. Based on the facts alleged in the Verified Complaint for Forfeiture in Rem and Settlement Agreement filed with this Court, the United States could show that the defendant personal property described above in paragraphs 1(b) through 1(f) constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or any property traceable to said property, and any property real or personal, which constitutes or is derived from proceeds

traceable to a violation of any offense constituting "specified unlawful activity" as defined in section 1956(c)(7), and/or facilitating violations of an offense constituting a "specified unlawful activity" as defined in section 1956(c)(7). The definition of "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)(A) incorporates any act or activity listed as an offense under 18 U.S.C. § 1961(1). Section 1961(1)(D) includes felony crimes related to the "manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States." In this case, the United States could show that the defendant personal property is subject to forfeiture pursuant to the parties' Settlement Agreement and law, was involved in, or derived and traceable to the sale and distribution of schedule II, III, and IV illegal and prescription drugs, along with methamphetamine and marijuana. Therefore, the defendant personal property described herein in paragraphs (1)(b) through (1)(f) is forfeitable pursuant to 21 U.S.C. § 881(a)(6), as a violation of 21 U.S.C. § 841(a)(l), et seq., and also forfeitable under 18 U.S.C. § 981(a)(l)(A) and (C).

Based upon the foregoing Findings of Fact and Conclusions of Law, IT IS ORDERED that Plaintiff's Unopposed Motion for Entry of Judgment and

Order of Forfeiture (Doc. 25) is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED and DECREED as follows:

1. All right, title and interest to the defendant personal property described in paragraph 1(b) through (f) above is forfeited to the United States and shall be disposed of in accordance with law.

2. The United States shall relinquish its claims of forfeiture to the defendant real property described in paragraph 1(a) above, and not seek forfeiture of the defendant real property for any activities that occurred prior to February 10, 2017, which is the date of the Settlement Agreement.

3. Within 30 days from the date of this order, the United States shall file in this case a copy of the release of lis pendens that has been filed or recorded with the Clerk and Recorder of Mineral County.

4. The parties to the Settlement Agreement shall pay their respective costs, fees, expenses and attorney fees incurred in this matter.

Dated this 5th day of May, 2017.

Dana L. Christensen, Chief Judge
United States District Court